THE MORRIS CANAL AND BANKING COMPANY *vs.* THE MAYOR AND COMMON COUNCIL OF JERSEY CITY.

New matter set up in the answer will not aid a defendant on a motion to dissolve an injunction.

After a decision of the Supreme Court, that certain property of the Morris Canal and Banking Company was. by their charter, exempt from taxation, this court will restrain the authorities of Jersey City from assessing said property for taxation on the ground of the prevention of a multiplicity of suits.

Jurisdiction in such case also exists for the purpose of preventing the delivery of deeds under tax sales which would be clouds on the complainants' title.

*R. McClelland,* for motion.

*I. W. Scudder* and *F. T. Frelinghuysen,* contra.

THE CHANCELLOR. I have no doubt of the jurisdiction of the court in this case.

In the first place, it has jurisdiction on the ground of a multiplicity of suits. It is within the principle of the case of *The Paterson and Hudson River Railroad Company* v. *The Mayor, &c., of Jersey City,* 1 *Stock. Ch. Rep.* 434.

The Supreme Court decided, in the case of *The State and the Morris Canal and Banking Company, prosecutors,* v. *Betts, collector, &c.,* 4 *Zab.* 555, that the land taxed was exempt from taxation under the 14th section of the company's charter (1 *Har. Comp.* 94), which enacts, "that no state, county, township, or other public assessments, taxes, or charges whatsoever shall at any time be laid or imposed upon the company, or upon the stocks or estates which may become vested in them under this act; but this act shall not extend to any other estate or property of the company than such as is possessed, occupied, and used by the said company for the *actual* and *necessary purposes* of canal navigation under this act, according to the true intent and meaning thereof." The answer of the

defendants attempts to take the assessments in dispute out of the effect of this decision, by alleging that the property was not, at the time of the assessment in question, possessed and occupied by the company for the actual and necessary purposes of the canal. But this is new matter set up by the answer, and the defendants are not entitled to the benefit of it on this motion. It will be time enough to decide as to its effect when it has been established by proper proofs.

But again, the court has jurisdiction for the purpose of preventing the delivery of deeds which will be clouds upon the complainants' title. These deeds will not be void upon their face. The land is *prima facie* liable to taxation. The record is perfect. The defendants can make the proof necessary to enable them to recover the land. The defence against the validity of the deeds depends upon matters outside the record. The complainants ought not to have their title put in jeopardy by meeting the issue just when the defendants choose.

It is said the injunction is too broad; that it prevents the defendants from ever after taxing the property, when it is admitted they may do so whenever the land is not possessed or occupied by the company for the actual and necessary purposes of canal navigation. The injunction does not extend so far in its operation. It only enjoins the defendants from " assessing for taxation the aforesaid property, and all other property at Jersey City aforesaid possessed, occupied, and used by the Morris Canal and Banking Company for the actual and necessary purposes of said canal navigation."

The bill and answer show that the rights of these parties ought to be settled so as to put an end to litigation. It is apparent that it cannot be done, except by a suit in this court. It is the interest of both parties that this injunction should be continued, and the rights of the parties definitely settled.

The motion to dissolve is denied.